IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00750-PAB

CONSTANTINE MAKRIS, an individual, and
SUZANNE MAKRIS, an individual,

    Plaintiffs,

v.

MARTIN H. TINDALL, an individual;
MAYA WILLIS TINDALL, an individual;
COLLINS MAX CHRISTENSEN, an individual;
ECO2 VENTURES, LLC COLORADO d/b/a KRONOS MANAGEMENT LTD, a Colorado limited liability company;
ECO2VENTURES, LLC CALIFORNIA, a California limited liability corporation;
KRONOS MANAGEMENT LIMITED, a Colorado limited liability company;
KRONOS LIMITED, a Colorado limited liability company;
KRONOS HOLDINGS LIMITED, a Colorado limited liability company;
ECO2 FORESTS, INC., a Nevada Corporation;
SOUTH PACIFIC BIOFUELS, LTD, a Colorado limited liability company,

    Defendants.

## ORDER OF REMAND

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendants Maya Willis Tindall, Kronos Management Limited, Kronos Limited, Kronos Holdings Limited, and South Pacific BioFuels LTD (the "removing defendants").  The notice of removal is procedurally defective because it does not evidence the consent of all defendants to removal and the case will be remanded accordingly.  In addition, the notice fails to establish the Court's jurisdiction.

**I.  CONSENT**

Section 1446(b)(2)(A) of Title 28 provides that "all defendants who have been

properly joined and served must join in or consent to the removal of the action." Courts understand this provision to mean that "a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996); *see also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."). It is appropriate to remand cases when defendants have not consented to removal. *See, e.g.*, *Glendening v. Genuine Parts Co., Inc.*, 960 F. Supp. 243 (D. Colo. 1997) (remanding for failure to obtain consent of all defendants). There are two exceptions to the unanimity rule: neither a nominal party nor a defendant not yet served need join the petition for removal. *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007).

As the notice of removal is silent regarding the consent of the served, non-removing defendants and does not set forth any basis for finding that this case falls within one of the exceptions to the unanimity rule, the notice is procedurally defective and subject to remand. *See Cornwall*, 654 F.2d at 686.

## II. SUBJECT MATTER JURISDICTION

The removing defendants allege that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Docket No. 1 at 1, ¶ 1.

With respect to the citizenship of the defendants, the moving defendants allege, in part, that:

- Defendant ECO2 Ventures, LLC Colorado d/b/a/ Kronos Management Limited ("ECO2 Ventures, LLC-Colorado") is a Colorado limited liability company with its principal place of business located at 1801 California St., Suite 3850, Denver, CO 80202. ECO2 Ventures-Colorado is a resident of the state of Colorado pursuant to 28 U.S.C. § 1332(c)(1).

- Defendant ECO2 Ventures, LLC California ("ECO2 Ventures, LLC-California") is a California limited liability company with its principal place of business located at 425 Fairgate Rd., Sacramento, CA 95825. ECO2 Ventures-California is a resident of the state of California pursuant to 28 U.S.C. § 1332(c)(1).

- Defendant Kronos Management Limited ("KML") is a Colorado limited liability company with its principal place of business located at 1801 California St., Suite 3850, Denver, CO 80202. KML is a resident of the state of Colorado pursuant to 28 U.S.C. § 1332(c)(1).

- Defendant Kronos Limited ("KL") is a Colorado limited liability company with its principal place of business located at 1801 California St., Suite 3850, Denver, CO 80202. KL is a resident of the state of Colorado pursuant to 28 U.S.C. § 1332(c)(1).

- Defendant Kronos Holdings Limited ("KHL") is a Vanuatu company limited by shares with its principal place of business located at 1801 California St., Suite 3850, Denver, CO 80202. KHL is a resident of the states of Colorado and Vanuatu pursuant to 28 U.S.C. § 1332(c)(1).

- Defendant South Pacific BioFuels, LTD. ("SPB") is a Colorado limited liability company with its principal place of business located at 1801 California St., Suite 3850, Denver, CO 80202. SPB is a resident of the state of Colorado pursuant to 28 U.S.C. § 1332(c)(1).

Docket No. 1 at 2-3, ¶¶ 2-12.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

A defendant removing a case bears the burden of establishing the Court's jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). The removing defendants invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of defendants ECO2 Ventures, LLC-Colorado; ECO2 Ventures, LLC-California; Kronos Management Limited; Kronos Limited; Kronos Holdings Limited; and

4

South Pacific Biofuels, LTD.

While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1) (2011); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), these considerations are irrelevant to the determination of an LLC's citizenship. Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases).

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor*, *LLC*, 2009 WL 2055206, at *2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging*, *LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may

consult the citizenship of less than all of the entity's members.").[1]

The removing defendants have not accounted properly for the citizenship of the defendant LLCs, namely, ECO2 Ventures, LLC-Colorado; ECO2 Ventures, LLC-California; Kronos Management Limited; Kronos Limited; and South Pacific Biofuels, LTD.  While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow members of LLCs to remain anonymous in federal court.  *See Carden,* 494 U.S. at 196.  Ultimately, the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court.  *U.S. Advisor*, 2009 WL 2055206, at *3.

For the foregoing reasons, it is

**ORDERED** that this case is REMANDED to the District Court of Boulder County, Colorado, where it was filed as Case No. 2012-CV-845.

DATED March 25, 2013.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge

---

[1] In regard to any constituent corporation, its "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, --- U.S. ---, 130 S.Ct. 1181, 1192 (2010).